IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT PARK, individually and on
behalf of all others similarly situated,

                Plaintiff,

   v.

AMERICAN FAMILY LIFE INSURANCE
COMPANY and AMERICAN FAMILY
MUTUAL INSURANCE COMPANY, S.I.,

                Defendants.

OPINION AND ORDER

22-cv-171-wmc

---

In this putative class action, plaintiff Robert Park asserts claims on behalf of himself and other similarly situated individuals under the Drivers' Privacy Protection Act, 18 U.S.C. § 2724, and related California statutory claims based on defendants American Family Life Insurance Company and American Family Mutual Insurance Company, S.I.'s disclosure of drivers' license numbers, including that of Park's. The court recently dismissed a case asserting similar claims for lack of standing. *Baysal v. Midvale Indem. Co.*, No. 21-CV-394-WMC, 2022 WL 1155295 (W.D. Wis. Apr. 19, 2022). In light of that decision, the court directed the plaintiff in this case to show cause as to why this case should not be dismissed for lack of standing. (Dkt. #5.) Having reviewed plaintiff's response, the court concludes that he has sufficiently alleged an injury, namely identity theft, as a consequence of defendant's alleged disclosure of his driver's license number. As such, the court concludes that Park has standing to pursue his claim and the court has subject matter jurisdiction over this action.

OPINION

In brief, in *Baysal*, the court concluded that under current Seventh Circuit law defining the standing requirements based on a risk of identity theft, the plaintiffs had failed to allege an objectively reasonably risk of harm, namely a risk of identity theft. In its response, plaintiff here contends that it has sufficiently alleged a risk of injury based on plaintiff Park's actual instances of identity theft, directing the court to the following key allegations in his complaint:

> 80. Following the Unauthorized Data Disclosure in December 2021, and before Defendants provided notice of the Unauthorized Data Disclosure, Plaintiff Park became a victim of identity theft as a result of the Unauthorized Data Disclosure. Plaintiff Park received notice from Wells Fargo Bank dated January 6, 2022, stating someone had completed an online application and unsuccessfully attempted to open an account in his name—likely someone utilizing his PI obtained as part of the Unauthorized Data Disclosure. Plaintiff Park spent time calling Wells Fargo Bank to report the fraudulent attempt to open an account in his name. He spent additional time and effort filing a police report about the incident.
>
> 81. Plaintiff Park is aware of a second attempt by someone to commit identity theft and fraud. Plaintiff Park received a letter from JPMorgan Chase Bank, N.A., dated January 17, 2022, stating someone had unsuccessfully applied for a CHASE SAPPHIRE Visa Signature account in his name—again, likely someone utilizing his PI obtained as part of the Unauthorized Data Disclosure. Plaintiff Park spent time calling Chase Bank to report the fraudulent attempt to open an account in his name. He spent additional time and effort filing a police report about the incident. Prior to these two incidents that occurred within two months of the Unauthorized Data Disclosure, Plaintiff Park had never been a victim of attempted identity theft and fraud.

(Compl. (dkt. #1) ¶¶ 80, 81.)

Critically, in the complaint, plaintiff recognizes that the drivers' license numbers

alone would not be sufficient to forge an identity, but alleges that drivers' license numbers, in addition to other personal information already gathered from other sources, can provide an opening for fraud, including applying for credit cards or loans or opening bank accounts. (*Id.* ¶ 35.) Unlike in *Baysal*, plaintiff has sufficiently alleged an "objectively reasonable likelihood that an injury will occur," namely in the form of identity theft, and that injury is "fairly traceable" to the alleged data disclosure here. *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 693 (7th Cir. 2015).

As such, the court concludes that plaintiff has adequately explained his basis for standing in response to this court's show cause order. Of course, nothing about this decision precludes defendants from filing a motion to dismiss for lack of standing if they believe that the court's analysis is flawed or can direct the court to other Seventh Circuit cases that call the court's holding into question. Similarly, the fairly unique circumstances as to this plaintiff may make it difficult for him to pursue class certification.

## ORDER

IT IS ORDERED that plaintiff has adequately responded to this court's show cause order (dkt. #5), and the court concludes that plaintiff has standing to pursue this case.

Entered this 17th day of June, 2022.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge